## LOTTIE WALTON v. THE STATE.

VAGRANCY — INFORMATIONS. — It is not sufficient to charge that the accused is " a vagrant within the meaning of the law." Some one or more of the seven statutory constituents of the offense of vagrancy must be alleged in plain and intelligible words, so as to apprise the accused of the charge against him.

APPEAL from the County Court of Burleson. Tried below before the Hon. JOHN ALEXANDER, County Judge.

A fine of ten dollars was the penalty assessed against the appellant. This case was decided at the Austin term, 1881, of this court, but did not then reach the hands of the Reporters.

*C. I. Evans*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J. The information charges that the defendant, at a place and on a date named therein, "with force and arms was then and there a vagrant within the meaning of the law," with proper conclusion. The requisites of an information are set out in the Code of Criminal Procedure, art. 430. One of these requisites of an information is that the offense be set forth in plain and intelligible words. Those who are vagrants are enumerated in section 385 of the Penal Code. There are seven distinct classes or conditions mentioned in this article. Any person coming within either one of these conditions would render such person a vagrant within the meaning of the law. An indictment or information must aver the facts which bring the accused within some one of the causes or definitions of the statute which constitutes the offense; otherwise it would not state the offense in plain and intelligible words, or apprise the defendant what he is expected to meet.

The information in the present case sets out merely the conclusion of law that the accused was a vagrant, when it should have alleged in plain and intelligible words the particular act or thing done or omitted which warranted the conclusion. *Hunt* v. *State*, 9 Texas Ct. App. 404. That the pleader must state the facts which constitute the offense is too palpable to require a reference to authorities in its support. Attention was called to this defect in the information by a motion in arrest of judgment; which was overruled. The information being totally insufficient to support the judgment or any other judgment of conviction, the judgment of the County Court will be reversed and the prosecution will be dismissed.

*Reversed and dismissed.*